UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Allen B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C18-1759 TLF <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms defendant's decision to deny benefits.

I. ISSUES FOR REVEW

1. Did the ALJ err in evaluating the opinion of Gary Gaffield D.O.?

II. PROCEDURAL HISTORY

On May 13, 2014, plaintiff filed an application for disability insurance benefits. Dkt. 6, Administrative Record (AR) 15, 68-80. On September 21, 2015 plaintiff filed an application for supplemental security income. AR 15, 96-108. Plaintiff alleged a disability onset date of May 13, 2014. AR 15, 96. Plaintiff's applications were denied on initial administrative review and on

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

reconsideration. AR 15, 109-112 115-117, 118-120. A hearing was held before Administrative Law Judge ("ALJ") Stephanie R. Martz on May 4, 2017. AR 35-65.

In a decision dated December 19, 2017, the ALJ found that plaintiff was not disabled. AR. 15-28. On October 3, 2018 the Social Security Appeals Council denied plaintiff's request for review. AR 1-3. The ALJ's December 19, 2017 decision is now the final decision of the Commissioner, subject to judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff has appealed the ALJ's decision to this Court, and asks the Court to reverse and remand this case for further administrative proceedings. Dkt. 8.

### III. STANDARD OF REVIEW

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The ALJ assesses the claimant's RFC to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(e), 416.920(e).

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that

does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*

IV. DISCUSSION

A. Dr. Gaffield

Plaintiff argues that the ALJ erred in evaluating Dr. Gaffield's opinion. Dkt. 8. Plaintiff contends that the ALJ erred by failing to provide specific and legitimate reasons for discounting portions of Dr. Gaffield's opinion. Dkt. 8 at 2-4. Plaintiff argues that the ALJ failed to provide sufficiently specific and legitimate reasons to discount Dr. Gaffield's statement that he advised plaintiff to continue using a cane at all times for all terrains as a matter of safety. Dkt. 8 at 3. Next, plaintiff argues that the ALJ erred in finding that the plaintiff's activities discussed in the ALJ's opinion were not consistent with the need to use a cane for ambulation. Dkt. 8 at 3.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a

treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. In either case, substantial evidence must support the ALJ's findings. *Id.*

"Determining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions of [treating or examining doctors] falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of internally inconsistent medical opinion).

### 1. Dr. Gaffield's Findings

Dr. Gaffield examined plaintiff on May 30, 2017. AR 806-818. Dr. Gaffield completed the Social Security Administration medical source statement form (AR 806-812) and also provided a narrative medical source statement (AR 812-818). In relevant part, Dr. Gaffield opined, in the medical source statement form that plaintiff did not need a cane to ambulate. AR 807. Dr. Gaffield also opined that plaintiff could not "walk at a reasonable pace on rough or uneven surfaces." AR 811. In his narrative medical source statement Dr. Gaffield noted that plaintiff had a cane and Dr. Gaffield advised him to "continue using this device [cane] at all times for all terrains as a matter of safety." AR. 818.

### 2. ALJ's Evaluation of Dr. Gaffield's Findings

In her decision the ALJ evaluated Dr. Gaffield's opinion as follows:

> Great weight is accorded to most of Dr. Gaffield's opinion in both the form and narrative section of his report (as to sitting; standing; walking; manipulative activities; and lifting/carrying, though I find lifting/carrying at the light level to be more consistent with the record as a whole). […] As to the remainder of Dr. Gaffield's opinion in the medical source statement form and narrative section of

|   |   |
|---|---|
| 1 | his report (as to use of a cane; foot control operation; postural activities; and environmental limitations), these are given less weight because they are not consistent with each other. Further, Dr. Gaffield's examination and the claimant's activities discussed above are not consistent with need to use a cane for ambulation. His activities of camping and going to the beach are also inconsistent with a restriction on walking on uneven surfaces. Nonetheless, I note that the postural (occasional climbing of ramps/stairs; no climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching and crawling) and environmental (avoidance of concentrated exposure to vibrations and hazards) determined in this decision account for most of Dr. Gaffield's conflicting assessment in both his form and narrative section." |

AR 26-27.

As the ALJ noted in her opinion, Dr. Gaffield's form medical source statement opines that plaintiff does not require a cane to ambulate. AR 26, 807. The ALJ also explained that Dr. Gaffield's narrative statement advised plaintiff to use the cane at all time for all terrains as a matter of safety. AR. 26, 818. The ALJ further explains that she gave Dr. Gaffield's opinion regarding the use of a cane less weight because the form statement and the narrative statement were inconsistent with each other. AR. 27. This finding of internal inconsistencies in Dr. Gaffield's opinion regarding the plaintiff's use of a cane is a sufficiently specific and legitimate reason to discount this portion of Dr. Gaffield's opinion. *Morgan,* 169 F.3d at 603; *see also Rollins,* 261 F.3d at 856 (upholding ALJ's rejection of internally inconsistent medical opinion).

The activities identified in the ALJ's decision include: driving, the ability to bathe and dress himself, preparing food, reading, watching television, working on a computer, maintaining a fish tank, maintaining his apartment, going to church on a regular basis, occasionally interacting with friends and family, and visiting neighbors. AR 24. Plaintiff also reported that his teenage daughter moved from out of state to live with him and that the two had been very active exploring Washington, camping and going to the beach. AR 25.

Plaintiff argues that the ALJ erred in citing this as a reason to discount Dr. Gaffield's opinion that plaintiff needed to use a cane because plaintiff claims that each of these activities can be completed while using a cane. Dkt. 8 at 4. Determining whether inconsistencies exist, and their weight is the responsibility of the ALJ. *Morgan*, 169 F.3d at 603. Although it might be arguable that a person could do some or all of the activities listed while using a cane, when there is evidence sufficient to support either outcome, the Court "must affirm the decision actually made." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted), *see also, Revels*, 874 F.3d at 654 ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decisions should be upheld."). Plaintiff's activities can support more than one rational interpretation of plaintiff's need to use a cane, therefore, the Court will not disturb the ALJ's analysis. Further, even if this determination had been an error, it would be harmless error because the internal inconsistencies in Dr. Gaffield's opinion regarding plaintiff's use of a cane provide specific and legitimate reasons to discredit this portion of the opinion.

Plaintiff includes a footnote in the opening brief stating, "[t]he ALJ also stated that Dr. Gaffield's restriction of walking on uneven surfaces were inconsistent with [plaintiff's] activities. AR 27. But Dr. Gaffield did not restrict [plaintiff] from walking on uneven surfaces so long as he used a cane." Dtk. 8 at 3 n. 1. It is unclear whether plaintiff is challenging the ALJ's findings that plaintiff's activities of going to the beach and camping were inconsistent with Dr. Gaffield's restriction on walking on uneven surfaces. To the extent that plaintiff is challenging the ALJ's finding, the Court notes that Dr. Gaffield determined that plaintiff could not "walk a block at a reasonable pace on rough or uneven surfaces." AR 811. Additionally, as discussed above, although plaintiff could arguably use a cane while camping or at a beach, where there is

evidence sufficient to support either outcome, the Court "must affirm the decision actually made." *Heckler*, 739 F.2d at 1394-95.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 15th day of November, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 7